991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven B. DONOHUE, Defendant-Appellant.
 No. 91-4047.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY, MARTIN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Steven Donohue pleaded guilty to one count of conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. The district court sentenced Donohue under the Sentence Guidelines. On appeal, a panel of this court remanded the case so that the district court could make specific findings under Fed.R.Crim.P. 32(c)(3)(D) as to whether the conspiracy terminated before the effective date of the Guidelines, that is, November 1, 1987. United States v. Donohue, Nos. 90-3785/3896 (6th Cir. Aug. 23, 1991).
 
 
 3
 On remand, the district court held an evidentiary hearing. The court then concluded that the conspiracy did indeed extend beyond November 1, 1987, and reimposed the original sentence. This appeal followed. The parties have briefed the issues and have agreed to waive oral argument.
 
 
 4
 The district court's determination that the underlying conspiracy extended beyond November 1, 1987, is a finding of fact in support of the sentence that is reviewed for clear error. United States v. Christoph, 904 F.2d 1036, 1039 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). The record supports the court's determination.
 
 
 5
 Donohue contended on direct appeal that the conspiracy in which he participated ended prior to November 1987. The evidence on remand consisted solely of the testimony of two law enforcement officers; Donohue did not offer any evidence in his behalf. The officer's testimony was mainly hearsay, i.e., relating statements of other conspiracy members concerning Donohue's role and its continuing nature before and after November 1987. The district court based its decision on this unrefuted testimony and on the admission by Donohue in open court to the "straddle" nature of the conspiracy as noted in the earlier opinion of this court.
 
 
 6
 The Guidelines contemplate that a judge may consider hearsay in fashioning a sentence. U.S.S.G. § 6A1.3, comment. ("Reliable hearsay evidence may be considered."). The hearsay considered need not come with an ironclad guarantee of accuracy. Instead, the accused must be given an opportunity to refute the testimony and the hearsay must bear some "minimal indicia of reliability in respect of defendant's right to due process." United States v. Robinson, 898 F.2d 1111, 1115 (6th Cir.1990).
 
 
 7
 In the case at bar, two agents under oath related out-of-court statements that jibed with what Donohue had already admitted, namely, that the original conspiracy "straddled" the effective date of the Guidelines. Donohue was present with counsel, had an opportunity to cross-examine the agents, and chose not to offer any evidence in his own behalf. This record is free of clear error in this regard. The appeal is meritless.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.